NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIER KEAND'E GARDNER, AKA Chris Gardner, | No. 20-35794 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01451-MJP |
| v. | MEMORANDUM* |
| WHATCOM COUNTY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted July 19, 2021**

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Washington state prisoner Kier Keand'e Gardner appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations arising from his pretrial detention.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a district court's summary judgment

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for failure to exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment because Gardner failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *see also FTC v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010) ( "[A court] need not find a genuine issue of fact if, in its determination, the particular declaration was uncorroborated and self-serving.").

The district court did not abuse its discretion in denying Gardner's motion for reconsideration because Gardner failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e)).

Gardner's motion to supplement the record (Docket Entry No. 24) is denied.

**AFFIRMED.**